**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ENOVSYS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00368-JRG |
| | § | |
| T-MOBILE USA, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant T-Mobile USA, Inc.'s ("T-Mobile" or "Defendant") Motion to Transfer to the Central District of California (the "Motion").  (Dkt. No. 43).  In the same, T-Mobile seeks to transfer the above-captioned case to the Central District of California ("CDCA") pursuant to 28 U.S.C. § 1404(a).  (*Id.* at 1).  Having considered the Motion and the subsequent briefing and for the reasons set forth herein, the Court is of the opinion that T-Mobile's Motion should be **DENIED**.

## I.      BACKGROUND

### A.      Procedural Background

Plaintiff Enovsys LLC ("Enovsys" or "Plaintiff") filed the above-captioned case on September 24, 2021 alleging T-Mobile infringed U.S. Patent No. 7,925,273 (the "'273 Patent"), U.S. Patent No. 8,706,078 (the "'078 Patent"), U.S. Patent No. 5,918,159 (the "'159 Patent"), U.S. Patent No. 8,195,188 (the "'188 Patent") (collectively, the "Original Asserted Patents").  (Dkt. No. 2 ¶¶ 8, 10, 12, 14).  On January 6, 2022, Enovsys filed its Amended Complaint, again alleging T-Mobile infringed the Original Asserted Patents and adding allegations of infringement regarding U.S. Patent No. 6,560,461 (the "'461 Patent") (the '461 Patent together with the Original Asserted

Patents, the "Asserted Patents").  (Dkt. No. 17 ¶ 16).  On January 20, 2022, T-Mobile moved to dismiss Envsys's Amended Complaint, arguing, *inter alia*, that the Asserted Patents are claim ineligible subject matter prohibited by 35 U.S.C. § 101.  (Dkt. No. 23).  Over two months later, on March 25, 2022, T-Mobile filed the instant Motion to transfer this case to CDCA under § 1404(a).  (Dkt. No. 43).  After the Court granted several unopposed motions for extensions (*e.g.*, Dkt. Nos. 45, 49, 56), the briefing concluded on June 10, 2022.  (Dkt. No. 61).

### B.    Factual Background

Envsys is a California limited liability company with its place of business in Beverly Hills, California (in the CDCA).  (Dkt. No. 17 ¶ 1).  Mr. Mundi Fomukong is the sole owner of Envsys and is the lead inventor on the Asserted Patents.  (Dkt. No. 52-4 ¶ 1).  Mr. Fomukong lives in the Los Angeles area.  (*Id.* ¶ 2).

T-Mobile is a Delaware corporation headquartered in Bellevue, Washington.  (Dkt. No. 17 ¶ 2; Dkt. No. 43-8 ¶ 2).  T-Mobile also has corporate operations in this District in Frisco, Texas. The parties dispute the significance of this location as to venue.  (Dkt. No. 52 at 3; *id.* at 3, n.2; Dkt. No. 43 at 5, n.1; Dkt. No. 43-8 ¶ 7).  According to T-Mobile's Senior Manager, Systems Architecture at T-Mobile, Mr. Timothy Dunn, "T-Mobile's product and engineering teams related to the Accused Products are based in Bellevue, Washington at T-Mobile's headquarters" and that "T-Mobile's departments and employees responsible for sales, marketing, and financial matters related to the Accused Products are based in and located at T-Mobile's headquarters in Bellevue, Washington."  (Dkt. No. 43-8 ¶ 5).

Envsys has been involved in earlier litigation in CDCA and this Court.  In particular, in June 2006, Envsys sued Sprint Nextel Corporation and Nextel Communications for infringement of the '159 and '461 Patents.  (Dkt. No. 43 at 2) (citing *Envsys LLC v. Sprint Nextel Corp.*, 2:06-cv-3402 (C.D. Cal.) ("*Sprint I*")).  Shortly thereafter, *Sprint I* was dismissed, but was refiled

later that year.  (Dkt. No. 43 at 3) (citing *Enovsys LLC v. Nextel Commc'ns*, No. 2:06-cv-5306 (C.D. Cal.) ("*Sprint II*")).  In June 2011, Enovsys sued AT&T Mobility in CDCA, asserting the '461 and '273 Patents.  (Dkt. No. 43 at 3) (citing *Enovsys LLC v. AT&T Mobility*, No. 2:11-cv-5210 (C.D. Cal.)).  T-Mobile's recitation of Enovsys's prior litigation omits a key case: *Enovsys LLC v. Verizon Commc'ns*, No. 2:21-cv-315 (E.D. Tex.) (the "Verizon Case").  The Verizon Case was filed before the instant case and is currently pending before the undersigned.  (Verizon Case, Dkt. No. 2).  The Verzion Case is set for *Markman* on June 16, 2022 and trial on December 5, 2022.  (Verizon Case, Dkt. No. 55).  Verizon never challenged venue in that case.

## II.    LEGAL STANDARD

In evaluating a motion to transfer pursuant to § 1404(a), the Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private interest factors include: (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized interests decided at home;" (3) "the familiarity of the forum with the law that will govern the case;" and (4) "the avoidance of unnecessary problems of conflict of laws."  *Id.*

In order to support a claim for transfer under § 1404(a), a movant must demonstrate that the transferee venue is "clearly more convenient" than the current District.  *In re Volkswagen of Am.*, *Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").  The elevated burden to show that the transferee forum is "clearly more convenient" reflects the respect owed to the plaintiff's choice of forum.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

### III.    DISCUSSION

The Court first addresses the private interest factors followed by the public interest factors.[1] The Court finds three private interest factors weigh against transfer.  All other factors are neutral.

#### A.    Private Interest Factors

**The Relative Ease of Access to Sources of Proof.**  The first private interest factor the Court analyzes is the relative ease of access to sources of proof, including documentary and other physical evidence.  *See Volkswagen II*, 545 F.3d at 315.  Notwithstanding well-known advances in technology including the digitization of data, the courts of appeals nonetheless continue to affirm the relevance and importance of the physical location of these sources.  *See id.* at 316; *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009); *In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *3 (Fed. Cir. May 23, 2022); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021).  Parties must specifically identify and locate sources of proof and explain their relevance.  *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-513, 2018 WL 2329752, at *5 (E.D. Tex. May 22, 2018); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 n.10 (5th Cir. 2017).

T-Mobile acknowledges that its sources of proof are not located in the CDCA, but rather at its headquarters in Bellevue, Washington.  (Dkt. No. 43 at 4, 8) (citing Dkt. No. 43-8 ¶ 5).  T-Mobile contends that "[n]o relevant witnesses or unique sources are located within the Eastern District of Texas" ("EDTX").  (*Id.* at 4, 8) (citing Dkt. No. 43-8 ¶¶ 6, 7).  T-Mobile contends that Enovsys has no physical address in Texas.  (Dkt. No. 43 at 8).  T-Mobile also identifies four individuals connected to Enovsys in CDCA: Mr. Fomukong; Mr. Jonathan Pearce, who prosecuted the Asserted Patents; and the law firms of Sheppard, Mullin, Richter & Hampton LLP in Los

---

[1] Enovsys does not dispute that it could have brought suit in CDCA.  (*See generally* Dkt. No. 52).  Accordingly, the Court need not specifically address this threshold inquiry.

Angeles, California and Dovel & Luner in Santa Monica, California as custodians of record for Enovsys.  (Dkt. No. 43 at 8) (citing Dkt. No. 43-6).

Enovsys points out that T-Mobile "relies on the presence of Enovsys and its various law firms in Los Angeles" as the only connection to the CDCA.  (Dkt. No. 52 at 1–2).  Envosys notes that the Federal Circuit has recognized that most of the documents in a patent case will come from the defendant.  (*Id.*) (citing *Genentech*, 566 F.3d at 1345).  Accordingly, Envosys argues, the location of its sources of proof should be given little, if any, weight.  (*Id.*).  Enovsys also disputes T-Mobile's assertion that the documents relevant to this case are located at T-Mobile's headquarters in Bellevue, Washington.  (*Id.* at 2–3).  Enovsys argues that "venue discovery has revealed [that] T-Mobile's documents are located in the cloud, stored on servers that 'could literally be anywhere.'"  (*Id.* at 2) (citing Dkt. No. 52-1 at 9:16-23, 58:4-20).  Therefore, Enovsys argues, "when it comes to documents, there is no reason to treat T-Mobile's Bellevue location any differently than its location in Frisco."  (*Id.* at 3).  Enovsys also argues that "it is likely that at least Ericsson maintains relevant documents in its U.S. headquarters, which are in Plano, Texas."[2]  (*Id.*).

The Court finds that this factor weighs against transfer.  Other than Enovsys's own sources of proof, T-Mobile does not identify any of its own sources of proof that are in the CDCA—the proposed transferee venue.  Put differently, T-Mobile's argument on this factor bears almost entirely on the CDCA allegedly being more convenient ***to the Plaintiff***, not the Defendant.  The Court is puzzled by T-Mobile's logic.  The Federal Rules of Civil Procedure entrust plaintiffs with selecting where to file a case—subject to the applicable rules and statutory provisions.  The fact that a plaintiff could have chosen a venue that would be closer to its employees, attorneys, or sources of proof is not part of a proper venue analysis.  Indeed, adopting T-Mobile's approach

---

[2] Ericsson is a third-party vendor for T-Mobile allegedly involved with certain accused functionality.  (Dkt. No. 52 at 3).

would subvert a plaintiff's ability to choose its desired forum and oblige plaintiffs to only file cases close to home.  In a real sense, T-Mobile asks this Court to legislatively rewrite the venue rules. The Court declines to do so.[3]  T-Mobile's approach is ironically premised upon the inconvenience to plaintiff in plaintiff's chosen forum and *in support of transferring the case away from* Plaintiff's chosen venue.  Notwithstanding the above, T-Mobile's argument that its sources of proof "are closer to CDCA" than EDTX does not change the fact that T-Mobile has identified *no* sources of proof in the CDCA beyond Enovsys's information.[4]  Accordingly, the Court finds that this factor does not support transfer.[5]

   **The Availability of Compulsory Process to Secure the Attendance of Witnesses.**  The second private interest factor considers the transferor and transferee courts' subpoena power. Federal district courts have the absolute power to compel attendance of a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  Federal district courts have trial subpoena power over a person "within the state where the person resides, is employed, or regularly transacts

---

[3] The Court notes that it is not alone on this score.  Other district courts have long recognized that a defendant cannot rely on the inconvenience of a plaintiff or its witnesses to support its motion to transfer venue under § 1404(a).  *E.g.*, *Am. Can Co. v. Crown Cork & Seal Co., Inc.*, 433 F. Supp. 333 (E.D. Wis. 1977) ("The defendant cannot assert plaintiff's inconvenience in support of a motion to transfer."); *Mullins v. Equifax Information Servs., LLC*, No. 3:05-cv-888, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006) ("It is not enough for defendant to argue only that plaintiff's choice of forum is inconvenient for the plaintiff.").  Indeed, another district court previously rejected T-Mobile's attempts to raise this same argument.  *Wireless Consumer Alliance, Inc. v. T-Mobile USA, Inc.*, No. C-03-3711, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003) ("If plaintiff is willing to suffer the inconvenience and expense incurred by suing in a particular forum of his choice, his choice to do so is entirely his own concern.").

[4] The Court is also concerned by T-Mobile's argument that the availability of documents on the cloud at its Frisco facility "has no bearing on the transfer inquiry."  (Dkt. No. 58 at 2) (citing *In re Google*, 2022 WL 1613192, at *3). The Federal Circuit has made clear in *In re Google* and its preceding cases that the fact that documents can be accessed electronically does not render the *location* where those documents are *electronically stored* irrelevant in the venue analysis.  *E.g., Juniper*, 14 F.4th at 1321.  However, that is distinguishable from the present circumstance where T-Mobile's documents are stored on a cloud server at an unknown location.  That is, the sources of proof are not electronically stored in Bellevue.  Instead, T-Mobile employees in Bellevue and Frisco both connect to the same cloud server located at an unknown location.

[5] Enovsys notes that Ericsson's U.S. headquarters are located in this District in Plano, Texas and points to the fact that Ericsson has produced 29,000 pages of documents.  (Dkt. No. 52 at 4).  The Court finds that this fact does not weigh in either direction because there is no evidence in the record that shows whether those 29,000 pages of documents were stored in Plano, Texas.

business in person, if the person . . . is a party or a party's officer; or . . . [if the person] is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). Party witnesses are generally deemed to be willing witnesses, so this factor is clearly directed more toward third-party witnesses. *C&J Rent Servs., Inc. v. LEAM Drilling Sys., LLC*, No. 2:19-cv-00079, 2019 WL 3017379, at *3 (E.D. Tex. July 10, 2019).

T-Mobile identifies Enovsys's law firms, Ms. Fonda Whitfield (Mr. Fomukong's former wife and former assignee of the Asserted Patents), T-Mobile's third-party vendor, and Dr. Roy Want (an engineer on prior art) as "material third-party witnesses" that "are not within the subpoena power of this Court, but they are within the subpoena power of the [CDCA]." (Dkt. No. 43 at 9).  T-Mobile contends that it "is not aware of any specific key witnesses with unique knowledge of the third-party network hardware and software used in T-Mobile's Accused Products in the relevant timeframe that currently reside in Texas." (*Id.*).

Enovsys responds that "[n]o court would allow [its prior law firms'] testimony on any issue, given the various evidentiary and privilege objections that would apply." (Dkt. No. 52 at 4–5).  With respect to Ms. Whitfield, Enovsys claims that Sprint previously tried to advance a similar standing argument regarding the assignment to Ms. Whitfield and was defeated. (*Id.* at 5).  Therefore, Enovsys argues, "[i]t would be frivolous for T-Mobile to reassert the standing arguments made by its predecessor Sprint in this case." (*Id.*).  With respect to the vendor and Dr. Want, Enovsys responds that T-Mobile does not articulate why the particular vendor and Dr. Want are more important than vendors and prior artists in EDTX or elsewhere in Texas.  For example, Enovsys identifies: Mr. Stephen Hays of Ericsson who resides in Flower Mound, Texas; Mr. Hays's co-inventor, Ms. Maya Roel-Ng who resides in Plano, Texas; Mr. David Boltz who resides in Garland, Texas; and third-party Ericsson which has its U.S. headquarters in Plano, Texas. (Dkt.

No. 52 at 6).  Flower Mound and Plano are in this District.  Garland adjoins this District just inside the Northern District of Texas.

T-Mobile's response argues that the individuals and entity identified by Enovsys are "pure speculation and entitled to no weight."  (Dkt. No. 58 at 3).

The Court finds that this factor is neutral.  Neither party sufficiently articulated the importance (or unimportance) of the identified individuals beyond high-level characterizations.  In order to properly assess this factor, the Court needs to understand why that person or entity has unique knowledge to the claims at issue in this case such that compulsory process over that individual or entity would be warranted.  Neither party provided such.  The Court finds that the record before it is lacking in this regard and consequently (to avoid its own speculations) find this factor neutral.

**Cost of Attendance for Willing Witnesses.**  The third private interest factor considers the cost of attendance for willing witnesses.  The Federal Circuit has described this factor as being especially important. *Genentech*, 566 F.3d at 1343.  The Fifth Circuit has established a so-called "100- mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 201; *Genentech*, 566 F.3d at 1343.

T-Mobile argues that this factor "slightly favors transfer."  (Dkt. No. 43 at 11).  T-Mobile argues that "Plaintiff's disclosed witnesses – Mr. Fomukong and Mr. Pearce – reside within the [CDCA], and the Sheppard, Mullin and Dovel & Luner law firms all reside within the [CDCA]." (*Id.* at 10).  T-Mobile concludes that the CDCA "is clearly more convenient for these witnesses than traveling to the" EDTX.  (*Id.*).  T-Mobile notes that third-party witness Ms. Whitfield also resides within the CDCA.  (*Id.*).  Finally, T-Mobile notes that its "witnesses employed by T-Mobile

8

at its headquarters in Bellevue, Washington are located far closer to the [CDCA] than the [EDTX]." (*Id.*).

Enovsys responds that the fact it chose to file this case in EDTX demonstrates that it does not consider EDTX to be inconvenient. (Dkt. No. 52 at 6–7). Indeed, Enovsys argues, Mr. Fomukong does not consider it inconvenient to come to Marshall for trial. (*Id.* at 7) (citing Dkt. No. 52-4 ¶ 2). Further, Enovsys notes that of the Enovsys witnesses identified by T-Mobile, only Mr. Fomukong will be attending trial. (*Id.*). Enovsys also argues that T-Mobile has failed to identify any individuals from Bellevue that it plans to call at trial. (*Id.* at 7). Enovsys also argues that T-Mobile ignores witnesses from Sprint-Nextel in Overland Park, Kansas that may testify at trial. (*Id.*).

The Court finds that this factor weighs against transfer. The non-party witnesses identified by T-Mobile in this factor were also identified by T-Mobile in the previous factor. The Court is perplexed as to why compulsory process would be required for a willing witness. Further, T-Mobile has not submitted any declarations showing that any non-party witness would be willing or unwilling. This Court has repeatedly cautioned litigants not to conflate the two factors and the necessary showing required to demonstrate willingness or unwillingness. *E.g.*, *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-cv-319, 2021 WL 4453590, at *3 (E.D. Tex. Sept. 29, 2021). Accordingly, T-Mobile has failed to show that the CDCA would be more convenient for any willing non-party. With respect to party witnesses[6], T-Mobile again resorts to relying on CDCA being more convenient for ***Plaintiff's witnesses*** as the basis for its Motion. For the reasons noted above, the Court affords no weight to this argument. T-Mobile also failed to identify a single

---

[6] The Court has previously observed that courts in the Fifth Circuit give little weight to the convenience of party witnesses. *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-cv-338, 2021 WL 4034515, at *4 (E.D. Tex. Sept. 3, 2021).

T-Mobile witness within the CDCA.   T-Mobile also ignored the fact that its Sprint-Nextel employees would be traveling from Overland Park, Kansas (where T-Mobile's counsel of record are also located) rather than Bellevue, Washington.[7]  In light of the fact that T-Mobile has not shown that any willing witnesses are located in the CDCA, the Court finds that this factor disfavors transfer.

**All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive**.  The fourth private interest factor addresses concerns rationally based on judicial economy.  *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-00118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also In re Vistaprint Ltd.*, 628 F.3d at 1346.

T-Mobile argues that judicial economy favors transfer.  (Dkt. No. 43 at 11–13).  T-Mobile points to the fact that Enovsys litigated the Asserted Patents "in its home district of the [CDCA]," and "[t]he claims were construed twice by the [CDCA], and Enovsys'[s] claims proceeded to a jury trial twice in the [CDCA]."  (*Id.* at 11).  T-Mobile then argues that the co-pending Verizon Case now before the undersigned is "insufficient to outweigh the clear benefits of transfer."  (*Id.* at 13) (citing *In re DISH Network L.L.C.*, No. 21-182, 2021 WL 4911981, at *4 (Fed. Cir. Oct. 21, 2021)).

Enovsys responds that T-Mobile's delay in seeking transfer to CDCA weighs against transfer under this factor.  (Dkt. No. 52 at 8) (citing *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010)).  Enovsys also notes that during this time, T-Mobile filed and the parties have fully briefed a dispositive motion on patent eligibility under § 101.  (*Id.*).  With respect to Enovsys's prior litigation of the Asserted Patents in CDCA, Enovsys argues that "there is little or no chance that the various different judges that presided over the prior suits in Los Angeles will be assigned to

---

[7] Based on the Court's calculations, Overland Park, Kansas is approximately 450 miles from Marshall, Texas and approximately 1,350 miles from Los Angeles, California.

this case if transferred in." (*Id.* at 9).  Enovsys also notes that it is relevant to the transfer inquiry that "the Court will conduct a *Markman* hearing in the Verizon case concerning the same five asserted patents and an identical list of asserted claims" on June 16, 2022.  (*Id.*).  Enovsys argues that its "successful opposition to Verizon's attempt to move the [Verizon Case] schedule back by several months to match the schedule in the [instant] case does not undue the judicial economy that will arise from this Court presiding over both cases." (*Id.* at 9–10).

The Court agrees with Enovsys and finds that this factor disfavors transfer.  The undersigned and Magistrate Judge Payne are currently presiding over the Verizon Case, which is set for *Markman* on June 16, 2022.  The fact that this Court found that consolidating (and delaying) the Verizon Case with the present case will not benefit judicial economy does not mean that the Court will not develop familiarity with the Asserted Patents vis-à-vis the Verizon Case.  Further, it would be inefficient to transfer a case to a different venue when the Verizon Case involving the same Asserted Patents and asserted claims is currently pending (and scheduled ahead of the instant case) before the undersigned.[8]  Further, there is no guarantee that if this case is transferred to CDCA that it will come before one of the district judges in CDCA that presided over the prior cases involving the Asserted Patents eleven years ago.[9]  Accordingly, this Court finds that this factor disfavors transfer.[10]

---

[8] Just a few paragraphs earlier, T-Mobile argues that the CDCA's familiarity with the Asserted Patents from cases filed in 2006 and 2011 weighs in favor of transfer.  (Dkt. No. 43 at 11–12).  The Court finds this argument at odds with T-Mobile's contention that the Court's experience with the co-pending Verizon Case does not weigh in favor of transfer.  (*Id.* at 12).  T-Mobile's two positions are deeply in conflict, and the Court rejects them both.

[9] *Sprint I* and *Sprint II* were filed in 2006.  The *Enovsys v. AT&T Mobility* case was filed in June 2011.  *See* Section I.B, *supra*.

[10] The Court notes T-Mobile's delay in filing the instant Motion.  However, under the particular facts and circumstance of this case, the Court does not find the delay weighs for or against transfer.

**B.**     **Public Interest Factors**

**Administrative Difficulties Flowing from Court Congestion.**  The first public interest factor concerns the speedy and efficient administration of justice.  T-Mobile argues that this factor is neutral and there is no appreciable difference in the degree of docket congestion between the two forums.  (Dkt. No. 43 at 13).  Enovsys responds that the "statistical difference [in time to trial] is not drastic."  (Dkt. No. 52 at 10).  However, Enovsys argues, if the case were transferred it "would be pushed to the back of the line" and trial would be delayed.  (*Id.*).  The Court finds that this factor is neutral given the current stage of this case.

**Local Interest in Having Localized Interests Decided at Home.**  T-Mobile argues that this factor favors transfer because CDCA is Enovsys's home district and the Asserted Patents were developed in Los Angeles.  (Dkt. No. 43 at 14–15).  Enovsys notes that "T-Mobile does not claim that *it* has operations or activities in the CDCA that are relevant to this factor."  (*Id.*) (emphasis added).  Enovsys also argues that EDTX has a local interest given T-Mobile's corporate operations in Frisco, Texas and the U.S. headquarters of T-Mobile's vendor, Ericsson is located in Plano, Texas.  The Court again rejects T-Mobile's attempts to use Enovsys's circumstances (and not T-Mobile's own) in order to obtain transfer of this case.  Nonetheless, the Court finds this factor is neutral.

**Familiarity with Law and Conflicts of Law.**  Both parties appear to agree that these factors are inapplicable or neutral.  The Court agrees.

**IV.     CONCLUSION**

Three private interest factors weigh against transfer.  All other factors are neutral.  T-Mobile has failed to establish that transfer is clearly more convenient.  For the reasons stated herein and the specific facts of this particular case, the Court finds that T-Mobile's Motion should be and hereby is **DENIED**.

12

So **ORDERED** and **SIGNED** this 14th day of June, 2022.

RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE

13