IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENOVSYS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00368-JRG |
| | § | |
| T-MOBILE USA, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant T-Mobile USA, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint (the "Motion"). (Dkt. No. 23). In the same, Defendant moves to dismiss Plaintiff Enovsys LLC's ("Plaintiff") Amended Complaint on the basis that: (1) Plaintiff's patents claim patent-ineligible subject matter in violation of 35 U.S.C. § 101; and (2) Plaintiff's Amended Complaint fails to properly allege indirect and willful infringement. (*Id.*). The Court previously dismissed Defendant's § 101 argument without prejudice with leave to refile after claim construction is conducted in this case. (Dkt. No. 69). Accordingly, this Memorandum Opinion and Order only addresses Defendant's second argument noted above. Having considered the Motion and the subsequent briefing, the Court finds the Motion should be **DENIED** with respect to Defendant's indirect and willfulness arguments.

I.  **BACKGROUND**

Plaintiff filed the above-captioned case on September 24, 2021 alleging Defendant infringed U.S. Patent No. 7,925,273 (the "'273 Patent"), U.S. Patent No. 8,706,078 (the "'078 Patent"), U.S. Patent No. 5,918,159 (the "'159 Patent"), U.S. Patent No. 8,195,188 (the "'188 Patent") (collectively, the "Original Asserted Patents"). (Dkt. No. 2 ¶¶ 8, 10, 12, 14). On January

6, 2022, Plaintiff filed its Amended Complaint, again alleging Defendant infringed the Original Asserted Patents and adding allegations of infringement regarding U.S. Patent No. 6,560,461 (the "'461 Patent") (the '461 Patent together with the Original Asserted Patents, the "Asserted Patents"). (Dkt. No. 17 ¶ 16). On January 20, 2022, Defendant filed the instant Motion to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 23). The Court previously dismissed Defendant's § 101 argument in the Motion without prejudice with leave to refile after claim construction is conducted in this case. (Dkt. No. 69). Accordingly, only Defendant's arguments with respect to indirect and willful infringement remain at issue in the Motion. (*Id.*).

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III.   DISCUSSION

In its Motion, Defendant argues that Plaintiff has failed to properly plead indirect and willful infringement. As explained below, the Court finds that Plaintiff's Amended Complaint is sufficient to put Defendant on notice of its allegations.

####    A.   Indirect Infringement

Defendant argues that Plaintiff's Amended Complaint fails to allege knowledge of the Asserted Patents—a "threshold" requirement. (Dkt. No. 23 at 19). Defendant argues that Plaintiff "merely pleads the following solitary and conclusory allegation that has no plausible factual basis":

> 59. [Defendant] and its parent company Deutsche Telekom have been on notice of the '159 patent family, including all continuation and foreign applications, since 2011.

(*Id.*) (citing Dkt. No. 17 ¶ 59). Defendant argues that this allegation supports only a possible, rather than plausible, conclusion that Defendant had requisite knowledge of the '159 Patent. (*Id.*). Defendant further contends that Plaintiff's Amended Complaint fails to "plead facts plausibly showing that [Defendant] knew—before the expiration of the Asserted Patents—that its customers infringed those patents." (*Id.*). Defendant argues that Plaintiff's allegation that it "knew or should

have known that its conduct would induce others to use the location-based services in a manner that infringes" is insufficient. (*Id.* at 20). Defendant also argues that Plaintiff has failed to plead specific intent required for induced infringement. (*Id.* at 21). Defendant further contends that Plaintiff's Amended Complaint demonstrates "that the accused components supplied by [Defendant] to its customers do have substantial non-infringing uses." (*Id.* at 22).

Plaintiff responds that Paragraph 59 of the Amended Complaint expressly alleges that Defendant and its parent company have known about the '159 Patent family since 2011. (Dkt. No. 38 at 24). Plaintiff notes that the '159 Patent family indisputably includes all Asserted Patents. (*Id.*). Plaintiff also argues that its Amended Complaint includes allegations showing how Defendant encourages and instructs its partners to use Defendant's accused location-based platform and does so in a manner that results in infringement. (*Id.* at 26–27) (citing Dkt. No. 17 ¶¶ 38–40, 43). With respect to substantial non-infringing alternatives, Plaintiff argues that Defendant's location-based platform cannot be used in a manner that does not infringe and the mere fact that users choose not to use the platform is irrelevant. (*Id.* at 29).

At the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in Plaintiff's favor and likewise finds that Plaintiff has pled facts sufficient to state a claim. Here, Plaintiff has alleged facts that Defendant has known of the Asserted Patents since 2011. (Dkt. No. 17 ¶ 59). Further, Plaintiff has alleged that Defendant provides materials to third-parties that instruct its partners to use the accused functionality in an infringing manner. (*Id.* ¶¶ 38–40, 43). Further, Defendant's arguments regarding non-infringing alternatives are similarly unpersuasive. Plaintiff has put forth allegations that Defendant's location-based platform cannot be used in a manner that does not infringe. This is sufficient at the pleadings stage.

### B.      Willful Infringement

With respect to willful infringement, Defendant again argues that Plaintiff has failed to allege pre-suit knowledge of the Asserted Patents.  (Dkt. No. 23 at 23).  Defendant also argues that Plaintiff's Amended Complaint "fails to allege facts that plausibly show [Defendant] committed 'deliberate or intentional infringement.'"  (*Id.* at 24).  Plaintiff responds that its Amended Complaint alleges that the infringement was willful, "which by definition means that the infringement was knowing and deliberate."  (Dkt. No. 38 at 24).

The Court finds that the Complaint states facts sufficient to state a claim for willful infringement.  "Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).  Accordingly, a plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage.  Here, Plaintiff has alleged that Defendant had knowledge of the Asserted Patents since 2011 and that such infringement was willful.  (Dkt. No. 17 ¶¶ 59–60, 73–74, 85–86, 98–99, 111–12).  Accordingly, the Court finds Defendant's 12(b)(6) arguments with respect to post-suit willful infringement to be unpersuasive.

### IV.     CONCLUSIONS

For the reasons stated herein, Defendant's Motion is **DENIED** with respect to indirect and willful infringement.

**So Ordered this**
**Aug 24, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE